IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH T. MUSSELWHITE,

    Petitioner,                      No. CIV S-01-1443 LKK GGH P

    vs.

ROBERT WONG, Acting Warden,    FINDINGS & RECOMMENDATIONS
San Quentin State Prison,           and ORDER

    Respondent.                 **DEATH PENALTY CASE**

_____/

*Introduction and Summary*

        Respondent appears to have defaulted on his procedural default (bar) motion. For the reasons set forth below, respondent's failure to respond to petitioner's opposition to the imposition of procedural bar, and respondent's inaction with respect to the undersigned's call for further briefing on the Clark/Robbins (timeliness) bar, forfeits the opportunity to have the court declare the Clark/Robbins bar[1] and Dixon/Harris (failure to raise a claim on direct appeal) bar – clear, well established and applied regularly by state courts so as to provide an independent state

---

[1] The undersigned uses "bar" and "default" interchangeably in this Findings, but primarily refers to the doctrine applicable to denying habeas claims in federal court because of an independent and adequate state law reason as "procedural bar."

1

law ground for the denial of certain claims in the First Amended Petition.

*Procedural Facts*

Petitioner Musselwhite was convicted of murder in the course of a robbery and burglary, and attempted murder committed in the course of a robbery. With respect to the murder charge, the jury also found the special circumstances of robbery and burglary to be true. Petitioner was also convicted of personal use of a weapon charges and inflicting great bodily injury. Ultimately, the jury imposed a sentence of death. His appeal to the Supreme Court was resolved adversely to petitioner in People v. Musselwhite, 17 Cal. 4th 1216, 74 Cal. Rptr. 2d 212 (1998).

Prior to the resolution of direct review, petitioner filed his first state habeas corpus petition on August 18, 1997. This petition was denied by the state supreme court on July 18, 2001.

After resolution of the first state habeas petition, the initial federal petition was filed on August 16, 2002. After petitioner's counsel made it known that further issues required exhaustion, this case was stayed pending exhaustion in state court. (Order of September 29, 2005). The second state petition was duly filed; it was denied on November 16, 2005. Prepared for this eventuality, petitioner filed his First Amended Petition in federal court on the same day.

A status conference was held in January 2006 in which respondent indicated that he would like to file a motion to dismiss. Discussion ensued during the status conference concerning whether it was beneficial to have an initial motion to dismiss on procedural issues, or whether such procedural issues should be included in an omnibus motion or answer dealing with all issues which could be resolved as a matter of law. At respondent's request, the initial motion was limited to procedural bar issues, and a briefing schedule was set.

Much to the surprise of petitioner (and the court), respondent filed on April 10, 2006, an omnibus motion for summary judgment including both procedural bar and merits issues. Petitioner asked for and received a status hearing on responding to this omnibus motion,

as during the previous conference, the undersigned had scheduled the case based on a procedural bar motion only. That status conference was held on May 30, 2006. During the course of that conference, it was again decided that petitioner would first oppose only the procedural bar part of the motion, and no response was required on the merits until resolution of the procedural motion. Respondent was given a date certain to reply to the opposition with the court noting respondent's burden of proof pursuant to Bennett v. Mueller, 322 F. 3d 573 (9th Cir. 2003). Petitioner filed an opposition clearly placing in issue all aspects of the legitimacy of the Clark bar, and to a lesser extent, the Dixon bar. Respondent did not file a reply.

Afterwards, the undersigned did not focus on the lack of a reply. At the status conference, the undersigned had expressed his surprise that the precise parameters of respondent's regularity-of-application burden in the Clark or Dixon setting had not been spelled out in a post-Bennett case.[2] The undersigned expected that surely a case would soon percolate through the Circuit defining more clearly this rather amorphous burden. Therefore, the undersigned determined in his own mind to await, at least for the near future, any resolution of the procedural bar motion pending this defining case. However, such a case did not percolate. What constitutes the specific "proof" of whether a procedural bar is regularly applied remains unsettled at the Circuit level.

However, recently, in another case, the undersigned decided that the wait had gone on long enough. On April 9, 2008, the undersigned issued his Findings and Recommendations in Martin v. Hubbard, CIV-S-99-223 WBS GGH. In this case, the undersigned determined that the California state courts, in *explicated* published and unpublished opinions, had consistently applied the entire Clark rule, including its good cause requirements and exceptions, such that the bar should be upheld. That determination was adopted by the Honorable William Shubb. Martin is now on appeal.

---

[2] On remand, the state in Bennett abandoned any attempt to meet its burden. Bennett v. Mueller, 364 F. Supp. 2d 1160, 1175 (n.15) C.D. Cal. 2005).

Again, not focusing on the lack of respondent's reply in this case, on April 9, 2008, the undersigned asked the parties to brief the court's tentative conclusion to apply Martin to the Clark issues in this case. Petitioner filed a brief opposing application; again, respondent was silent.

*Discussion*

Respondent asserted the Clark bar against claims L, M, N, P and Q. The Dixon bar was asserted against claims J, M, N, and Q. There is no need to describe the claims identified given the recommendations in this case.

Observing the lack of a reply for over two years, petitioner made the point in the further briefing that whatever respondent's burden to establish the adequacy of the bars asserted, respondent had not met that burden with silence. The undersigned agrees. In the initial motion raising the bars, respondent adequately asserted the bar by reference to the general rules set forth by Clark and Dixon. However, respondent's initial briefing was simply a general description of the procedural rules and their parameters. It in no way constituted an analysis of the adequacy of the bars in question. After all, petitioner had not yet opposed the bars, and petitioner's specific showing was unknown to respondent.[3]

Although petitioner's analysis of unexplained assertions of the bar and non-assertions of the bar appears speculative and unpersuasive for the reasons set forth in Martin, the undersigned will not recommend that Martin be applied here for the Clark bar. The lack of showing setting forth any position on the consistency of application of the bars at issue, both Clark and Dixon, as well as the lack of responsive briefing with respect to the other analytical factors, i.e., clarity and well established, requires a finding that respondent has not met his

---

[3] Indeed, because both Clark and Dixon had been previously found wanting in terms of adequacy of the bar, petitioner's only burden was to oppose application of the bar. No further specific showing was necessary. King v. Lamarque, 464 F.3d 963, 967-968 (9th Cir. 2006). Nevertheless, for the Clark bar, petitioner made a very specific showing, complete with graphs and statistics.

4

burden – whatever that burden is.  The undersigned will not become the advocate for the state.[4]

*Conclusion*

        IT IS HEREBY RECOMMENDED that all claims to which procedural bar has been asserted should advance to an analysis on their merits.  Insofar as procedural bar is concerned, respondent's summary judgment motion filed April 10, 2006 (docket #23) should be denied.

        IT IS ORDERED that the remainder of respondent's motion for summary judgment (docket #23) is vacated without prejudice to renewal after further status conference.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   05/15/08

                                /s/ Gregory G. Hollows

                              UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
muss1443.f&r

---

[4] In Martin, respondent put forward a statistical analysis of unexplained rulings with which the undersigned disagreed, but the undersigned reached a determination favorable to respondent on the merits using explicated cases.  This is a far different situation from the court picking up the ball and running with it when respondent has not even attempted to advance it.